**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| JAMES TOTH, ELLA TOTH<br><br>              Plaintiff,<br><br>  v.<br><br>VIRGINIA CREDIT UNION, CENLAR, FSB,<br><br>              Defendants. | Case No.: 3:20-cv-160-MHL |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT CENLAR, FSB TO DISMISS
THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendant Cenlar, FSB, ("Cenlar") submits this Memorandum of Law in support of its Motion to Dismiss the Amended Complaint for failure to state claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

*Pro se* Plaintiffs James Toth and Ella Toth ("Plaintiffs") filed their Amended Complaint against Virginia Credit Union, their mortgage originator and prior servicer, and Cenlar, their current mortgage loan servicer, which essentially alleges that by failing to grant them a loan modification after their default, Cenlar somehow violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). In addition, Plaintiffs assert claims against Defendants for breach of contract, for allegedly failing to send an acceleration notice in compliance with their deed of trust. While Plaintiffs attempt to articulate two causes of action, both are deficient on their face and should be dismissed. Indeed, while Plaintiffs claim that they were entitled to a loan modification, they fail to identify any contractual or statutory obligation to provide them with a loan modification. The Amended Complaint should be dismissed for failure to state a claim.

## II. FACTUAL BACKGROUND

Plaintiffs filed the Amended Complaint on November 13, 2020, after the Court dismissed their original complaint which consisted of nearly 20 causes of action. Plaintiffs own the property located at 7050 Strath Road, Henrico, Virginia 23331. (Am. Compl. ¶ 9). Plaintiffs purchased the property through a purchase money mortgage loan originated with Virginia Credit Union in 2008. (Compl. ¶ 4). Virginia Credit Union originally serviced the loan, with servicing transferring to Cenlar, FSB around November 15, 2017. (Compl. ¶ 5). Plaintiffs allege they began suffering financial hardships in 2016 and started applying for mortgage assistance programs beginning in 2017. (Am. Compl. ¶¶ 18-23). According to Plaintiffs, they contracted with non-party Canyon Capital to obtain a loan modification. (Id. ¶ 22). Plaintiffs then purportedly had repeated communications with Canyon Capital concerning loan modification applications, further financial difficulties, filed bankruptcies and cancelled foreclosure sales. (Id ¶¶ 23-39). Plaintiffs admit that as of the filing of the Amended Complaint, (1) they remained in default on their loan; (2) they have not been approved for a loan modification; and (3) no foreclosure has been completed on their property.

Against this backdrop, Plaintiffs purport to bring claims for (a) breach of contract (Count I) and (b) and violation of the FDCPA (Count II) against Cenlar. However, Plaintiffs fail to state a claim for each alleged count and the Amended Complaint should be dismissed.

## III. LEGAL STANDARD

A motion under Rule 12(b)(6) tests the sufficiency of the complaint and the adequacy of the factual allegations contained therein. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information "to state claim to relief that is plausible on its face" and (not merely conceivable or speculative) facts in support of their claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). Rule 8(a)(2) "still requires a 'showing' rather than a blanket assertion of entitlement to relief." *Id.*, 550 U.S. at 555 n. 3. That showing must consist of more than a "formulaic recitation of the elements of a cause of action or naked assertion devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above the speculative level. *Id*.

In evaluating a complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, as are conclusory factual allegations devoid of any reference to actual events. *Iqbal*, 556 U.S. at 678; *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id*. (citations omitted). Moreover, courts do not act as a *pro se* litigant's "advocate and develop, sua sponte, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 856 (E.D. Va. 2016) (citations omitted).

IV. <u>ARGUMENT</u>

Plaintiffs' Amended Complaint fails to state a cause of action against Cenlar. First, Plaintiffs fail to plead breach of contract because (1) they were provided with an acceleration letter which complied with the requirements of the deed of trust; (2) Plaintiffs cannot establish a contractual or statutory right to a loan modification; and (3) Plaintiffs cannot establish actual damages by their failure to allege an ability to reinstate. Next, Plaintiffs fail to state a claim under

the FDCPA against Cenlar because it is indisputably not a debt collector. Accordingly, Plaintiffs have failed to state a claim against Cenlar and the Amended Complaint should be dismissed with prejudice.

### A. Plaintiffs Fail to Plead a Claim for Breach of Contract (Count I)

"A deed of trust is construed as a contract under Virginia law." *Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 200 (Va. 2012). The "elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).[1] Without converting a motion to dismiss into a motion for summary judgment, a trial court may review and consider the express terms contained in an applicable promissory note and deed of trust, regardless of whether the documents were initially attached to the Complaint. *Buford v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-154, 2018 WL 6790656, at *1 n.4 (E.D. Va. Nov. 2, 2018) (citing *Witthohn v. Fed. Ins. Co.*, 164 F. App'x. 395, 396 (4th Cir. 2006) (unpublished))[2]

Plaintiffs fail to plead a claim for breach of contract in this matter. Plaintiffs allege that Defendants failed notify Plaintiffs prior to acceleration of the debt. (Am. Compl. ¶ 52). Further, Plaintiffs allege that despite being "clearly eligible for assistance," Defendants refused to work with them (Am. Compl. ¶ 60). These allegations are contradicted by the record and do not support a claim for breach of contract.

---

[1] As matters of contract are predominantly issues of state law, Virginia law is applied to analyze Plaintiff's contract claims. *Felder v. Casey*, 487 U.S. 131, 151 (1988).

[2] Plaintiffs state the in the Amended Complaint that the deed of trust is attached as Exhibit B. (Am. Compl. ¶ 9). However, Plaintiffs did not attach any exhibits. Attached hereto as Exhibit A is a true and correct copy of the deed of trust.

Plaintiffs base their breach of contract claim on their right to reinstate after acceleration. (Am. Compl. ¶ 48). They allege first that they were not "properly notified of acceleration of the debt or their right to reinstatement," (Id. ¶ 49). Specifically, the Plaintiffs allege that the notice failed to include certain items purportedly required under § 22 of the Deed of Trust: (1) the default; (2) the action required to cure the default; (3) a date not less than 30 days from the date of notice by which the default must be cured; 4) that failure to cure before that date may result in acceleration, the sale of the property; and (5) that borrowers have the right to reinstate and the right to bring a court action. (Id. ¶¶ 50, 52).

Plaintiffs conclude that this failure "prevented Plaintiffs' ability to obtain a loan modification, or forbearance directly from [Virginia Credit]." (Id. ¶ 55) Plaintiffs further attempt to plead damages by stating that they "have been harmed, injured and suffered from actual damages." (Id. ¶ 61).

Plaintiffs allegations are flatly contradicted by the October 6, 2017 acceleration letter.[3] Upon review, the letter clearly states that Plaintiffs "have defaulted." *See* Ex. B. The letter expressly states that $9,133.50 is due and "You have the right to cure the default on or before the date identified below by sending the required amount of $9,133.50 to …." Id. The letter also expressly states that the "Cure Amount must be received at our office on or before November 10, 2017." Further it provides:

---

[3] Attached hereto as Exhibit B is a true and correct copy of the October 6, 2017 letter. The Court can consider documents that are "integral to and explicitly relied on" in the Complaint as long as Plaintiff does "not challenge [their] authenticity." *American Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004) (quotations and citations omitted). In ruling on this Motion, the Court can also consider whether these documents contradict Plaintiff's allegations. *See Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 927, 937-38 (E.D. Va. 2010) ("bare assertions" that are "flatly contradicted by … [exhibits] are plainly insufficient … to state a plausible claim for relief").

> Failure to pay the Cure Amount on or before November 10, 2017 may result in 1) acceleration of all sums secured by the Mortgage to be immediately due and payable; and 2) sale of the mortgaged property. If you fail to pay the Cure Amount by November 10, 2017, we, at our option, may require immediate payment of all sums secured by the Mortgage without further demand and may invoke the power of sale and any other remedies permitted by applicable law.

Ex. B. The letter further notified Plaintiffs how they could cure after acceleration and expressly stated "You also have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale." *Id*. Accordingly, contrary to Plaintiffs' allegations, the October 6, 2017 letter complied with each requirement of the deed of trust. Plaintiffs attempt to plead a claim for breach of the deed of trust by an improper acceleration letter fails.

Plaintiff also attempts to state a breach of contract claim on the failure to provide a loan modification. However, the claim fails because, a borrower has no legal or statutory right to a loan modification. *Eslick v. Cenlar*, No. 2:17-cv-381, 2017 WL 4836541, at *3 (E.D. Va. Oct. 3, 2017) (observing that nothing in 12 C.F.R. § 1024.41 imposes a duty on a mortgage servicer to provide any borrower with any specific loss mitigation option.); *Monton v. Am.'s Servicing Co.*, 2:11-cv-678, 2012 WL 3596519, at *8 (E.D. Va. Aug. 20, 2012) (finding no support in common law for the proposition that a mortgage servicer has a non-contractual duty to offer a loan modification to a borrower). Thus, Plaintiffs' cannot sustain the breach of contract claim by merely stating their belief they were entitled to a loan modification.

Finally, Plaintiffs' breach of contract claims also fail because they do not actually allege any damages incurred by the alleged breach. *See Hendiazad v. Ocwen Loan Servicing, LLC*, No. 1:19-cv-98, 2019 WL 1497026, at *4 (E.D. Va. Apr. 4, 2019) (citing *Jackson v. Ocwen Loan Servicing, LLC*, No. 3:15- cv-238, 2016 WL 1337263, at *9 (E.D. Va. Mar. 31, 2016)). The recent Virginia Supreme Court decision in *Young-Allen v. Bank of America*, *N.A.*, 839 S.E.2d 897 (Va. 2020) is instructive. In that matter, the plaintiff alleged only that the servicer "failed to send

required notices to her, as required by the Deed of Trust." The complaint, however, failed to allege that the borrower had the ability to cure her default. Without such an allegation, the complaint did not establish that the alleged breach caused any harm. The Virginia Supreme Court reasoned that if the borrower could not have cured her default, Bank of America's failure to send the notices at issue regarding the right to cure did not cause her to sustain an injury or incur any damages. *Id*. at 901. Thus, the court concluded that amended complaint failed to allege that the borrower could have cured her default and prevented the foreclosure sale if she received the notices. Accordingly, the borrower failed to plead damages and the district court properly dismissed the case for equitable rescission. *Id*.

The same reasoning applies in this case and the result should be the same. Plaintiffs fail to allege any damages resulted from the allegedly defective acceleration letter. First, there has been no foreclosure. Second, Plaintiffs never allege that they could have reinstated the loan. Instead, they acknowledge the notice provided that $9,133.50 was required to cure, and Plaintiffs do not represent an ability to have paid such an amount. Accordingly, under the standard set forth by the Virginia Supreme Court, Plaintiffs cannot plead damages and thus cannot sustain their claim for breach of contract.

### B. The Amended Complaint Fails to State a Claim under the FDCPA (Count II)

Plaintiffs' FDCPA claim fails as a matter of law because the FDCPA does not apply to Cenlar. It is well-settled that the FDCPA applies only to debt collectors, meaning those who engage in the collection of debts on behalf of others (*i.e.*, third-party debt collectors), and not mortgage servicers. *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled ... that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.") *aff'd,* 67 Fed.

7

Appx. 238 (4th Cir. 2003) Here, Plaintiffs acknowledge that Cenlar is the mortgage servicer for their loan. (Am. Compl. ¶ 46). Thus, Plaintiffs cannot state a claim under the FDCPA against Cenlar.

"'The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage.'" *Lembach v. Bierman*, 528 Fed. Appx. 297, 301 (4th Cir. 2013) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). To prevail on an FDCPA claim, a plaintiff must allege that: (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and, (3) the defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt. *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 859 (E.D. Va. 2016); *see also* 15 U.S.C. § 1692e.

As concerns the second requirement for a claim, the FDCPA defines "debt collector" as an entity whose principal purpose "is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[4] In simpler terms, a "debt collector" is "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016); *Norman v. Wells Fargo Bank, N.A.*, No. 3:17-cv-585, 2018 WL 1037048, at *4 (E.D. Va. Feb. 23, 2018). Based on these well

---

[4] This language distinguishes a "debt collector," which collects the debts due to another, from a "creditor," which seeks to collect on its own debts. *Klar v. Fed. Nat'l Mortg. Ass'n*, No. 3:13-cv-462, 2014 WL 412533, at *7 (E.D. Va. Feb. 3, 2014); *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-81, 2012 WL 1030137, at *7 (W.D. Va. Mar. 27, 2012), *aff'd*, 475 Fed. Appx. 852 (4th Cir. 2012).

settled principles, Cenlar is not a debt collector. Indeed, Plaintiffs do even attempt to allege that Cenlar meets any of the three definitions offered in *Henson*. Thus, Plaintiffs have failed to plead that Cenlar is a debt collector.

Moreover, "mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled ... that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.") *aff'd,* 67 Fed. Appx. 238 (4th Cir. 2003); *Jesse v. Wells Fargo Home Mortg., Inc.*, 882 F. Supp. 2d 877, 879 (E.D. Va. 2012); *Schmidt v. Wells Fargo Home Mortg.*, No. 3:11-cv-59, 2011 WL 1597658, at *4 (E.D. Va. Apr. 26, 2011); *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 859 (E.D. Va. 2016).

Next, even if Cenlar was considered a debt collector pursuant to the FDCPA, Plaintiffs fail to identify any "false, deceptive and/or misleading representation and/or means" in connection with the servicing of their mortgage loan ***within the past year***. Despite recounting years of loan modification communications, Plaintiffs never identify what they allege is a single false or misleading communication from any party. Likewise, Plaintiffs fail to identify a single amount not expressly authorized by any agreement. Plaintiffs merely state broad legal conclusions devoid of any factual support that "the amount of arrears was not the correct amount" and that the failure to provide the "correct amount" was false, deceptive and/or misleading. Thus, Plaintiffs fail to meet the pleading requirements to state a claim under the FDCPA. *Richardson v. Shapiro & Brown, LLP*, 751 Fed. Appx. 346, 349 (4th Cir. 2018) (conclusory allegations of FDCPA violations do not satisfy pleading requirements).

Likewise, any claims which are alleged more than one year prior to the filing of the complaint are time-barred by the Act's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) (stating that "an action to enforce any liability . . . may be brought in any appropriate United States district court ... within one year from the date on which the violation occurs"); *Jackson v. Ocwen Loan Servicing, LLC*, 747 Fed. Appx. 159, 160 (4th Cir. 2019). The only communications identified by Plaintiffs were dated October 2017, January 2018 and May 2018. (Am. Compl. ¶¶ 25, 26 and 28). Plaintiffs do not identify a single communication that was within 1 year of their filing of the Complain. Plaintiffs have failed to state a claim under the FDCPA and Count II should be dismissed.

## V.     CONCLUSION

For all these reasons, Defendant Cenlar Bank FSB respectfully request that the Court grant its Motion and dismiss Plaintiffs' claims against Cenlar Bank FSB pursuant to Rule 12(b)(6).

        */s/ Walter Buzzetta*
        Walter J. Buzzetta (VSB No. 68006)
        Stradley Ronon Stevens & Young LLP
        2000 K Street, N.W., Suite 700
        Washington, DC 20006
        Telephone: (202) 607-6407
        Facsimile: (202) 822-0140
        Email: wbuzzetta@stradley.com

*Counsel for Defendant Cenlar Bank, FSB*

Dated: November 25, 2020